```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RACHEL EMMALOU DAILY,                         :

                        Plaintiff,             :

        -against-                              :      **MEMORANDUM AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,  :           18-CV-1080 (AT) (KNF)

                        Defendant.             :
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is the plaintiff's application for attorney's fees and expenses, pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), opposed by the defendant.

**PARTIES' CONTENTIONS**

The plaintiff asserts that she is the prevailing party because: (1) "the Court overturned the Commissioner's final decision that she was not disabled and remanded her claim for a new hearing and decision"; (2) the defendant's position "lacked substantial justification" because "the ALJ committed multiple errors," as determined by the Court; and (3) no special circumstances exist that would make an award of fees unjust. The plaintiff seeks $12,259 for 59.8 hours of work performed by her attorney on the merits of her case, between November 26, 2018, and August 22, 2019, and $799.50 for 3.9 hours of work on the fee application. According to the plaintiff, the request is comparable to fee awards to the plaintiff's counsel in other cases he litigated in this district. The parties agree that $205 is the EAJA hourly rate adjusted for an increase in the cost of living.

In support of the application, the plaintiff's attorney, James M. Baker ("Baker"), submitted an affirmation detailing the dates, the work performed and the number of hours

1

expended, including 3.6 hours for reviewing preliminarily the case and the initial meeting with the plaintiff, 39.8 hours for reviewing the administrative record, the defendant's brief, researching and writing the plaintiff's cross-motion for judgment on the pleadings, and 16.4 hours for reviewing the defendant's reply, and researching and writing the plaintiff's reply. Baker expended 59.8 hours on the merits of the case and 3.9 hours on the fee application. Baker states that he spends typically 45-50 hours on crafting the initial and reply briefs, but "the number and variety" of the plaintiff's physical and mental impairments required a lengthy description and, although the legal issues were not novel, they were "numerous and somewhat complex."

The defendant contends that "this case was neither complex nor novel and the hours requested are excessive and unreasonable" and, "as an experienced Social Security disability practitioner" with "more than 30 years" of experience in this field, "counsel could be expected to address the issues in this case in an efficient manner." Although awards were made to the plaintiff's counsel for more than 60 hours of work in seven other cases, "each of those cases involved highly complex issues or novel claims, not present here." Moreover, "the size of the administrative record in this case was not unusually long," and counsel neither represented the plaintiff at the administrative level nor appeared on her behalf until ten months after the complaint was filed; thus, his "unfamiliarity with the case at the administrative level was offset by his lack of involvement in the initial stages of the case." According to the defendant, "[d]istrict courts within the Second Circuit have ruled for decades that 20 to 40 hours reflects a reasonable expenditure of time in an average Social Security disability case," and no reason exists "to depart from the benchmark range of hours." Thus, any fee award should "be limited to

no more than 40 hours of attorney time at $2-5.00 per hour, for a total of no more than $8,200.00."

In reply, the plaintiff contends that: (i) "the 20-40 hours benchmark is of limited value in determining EAJA awards in disability cases" because it is "based on the first five cases decided in the earliest days of the EAJA" and involving "clearly excessive" hours; (ii) "the Court should not impose a special burden on plaintiff to justify more than 40 hours of work where the Commissioner makes no specific objections"; and (iii) "if the plaintiff is required to justify work in excess of 40 hours, she has done so," as the case "was factually and legally somewhat complex," which is apparent from the defendant's request to file an "excess pages" reply brief because the plaintiff's motion raised "a number of new arguments" not anticipated in the defendant's initial motion papers.  Moreover, "[a]t 903 pages, the record was a long one" and, since Baker did not represent the plaintiff at the administrative level, he had to familiarize himself with the lengthy record and devise legal theories "from scratch."  According to the plaintiff, "an overly mechanical application of the 20-40 hour guideline may adversely affect the availability of lawyers or the quality of their work, or both."  The maximum statutory hourly rate under the EAJA is currently $205, which is "well below the prevailing market rate for the New York metropolitan area" and, by seeking to limit the compensation to no more than 40 hours, the defendant seeks, effectively, to reduce the hourly rate to $137, which "is a rate not far above that awarded to law student interns and paralegals in this district."  Furthermore, the nominal rate fails to take into consideration that the attorney's compensation in a disability case "is doubly contingent since, to recover at all under the EAJA, the plaintiff must prevail in the litigation and the court must determine that the Commissioner's position was unreasonable, i. e., not 'substantially justified.'  This is a poor incentive for the representation of Social Security

claimants in federal court." The plaintiff seeks an additional $943, for 4.6 hours expended on the reply.

## LEGAL STANDARD

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

> "[F]ees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

28 U.S.C. § 2412(d)(2)(A).

A "party" means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Reasonable attorney's fee means "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Gisbrecht v. Barnhart, 525 U.S. 789, 802, 122 S. Ct. 1817, 1825 (2002) (citation omitted). "[A] party who wins a sentence-four remand order [under 42 U.S.C. § 405(g)] is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302, 113 S. Ct. 2625, 2632 (1993). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." Pierece v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988). "The burden is on the Government to show that its position was substantially justified," and "where a party has had to engage in lengthy administrative proceedings before final vindication of his or her rights in the courts, the government should have to make a strong showing to demonstrate that its action was reasonable." Eames v. Bowen, 864 F.2d 251, 252 (1988) (citation omitted). "[I]f the underlying agency action was not substantially justified, the victim of that unjustified action is entitled to all reasonable attorney's fees, including those incurred on the fee application." Trichilo v. Sec'y of Health & Human Servs., 823 F.2d 702, 708 (2d Cir. 1987).

**APPLICATION OF LEGAL STANDARD**

*Prevailing Party*

The defendant does not dispute the plaintiff's contention that she is the prevailing party. On August 22, 2018, a judgment issued granting the plaintiff's motion for a judgment on the pleadings and the case was "remanded to the Social Security Administration for further proceedings pursuant to 42 U.S.C. § 505(g)." Docket Entry No. 32. Accordingly, the Court finds that the plaintiff is the prevailing party in this action. See Shalala, 509 U.S. at 302, 113 S. Ct. at 2632.

5

*Substantial Justification or Special Circumstances*

The defendant does not contend that its position was substantially justified or that special circumstances make an award unjust. Upon review of the record, including the instant motion, the Court finds that the defendant failed to meet its burden of showing that its position was substantially justified. See Eames, 864 F.2d at 252. The Court also finds that no special circumstances exist making an award of fees unjust in this case.

*Calculation of Fees*

Although Baker did not state anything in his affirmation about his experience, the defendant does not dispute that Baker "has practiced in this field for more than 30 years." The plaintiff did not explain how the cost of living increase, in connection with the EAJA hourly rate, was calculated. However, the parties agree that $205 is the EAJA hourly rate adjusted for an increase in the cost of living. The Court finds that $205 is a reasonable hourly rate permitted under the EAJA, as adjusted for an increase in the cost of living. See Chursov v. Miller, No. 18-cv-2886, 2019 WL 5092007, at *2 (finding that a maximum hourly rate of $205 was permitted under the EAJA).

The defendant contends that the hours claimed by the plaintiff are excessive, urging the Court to limit the attorney hours "to no more than 40" because "[d]istrict courts within the Second Circuit have ruled for decades that 20 to 40 hours reflects a reasonable expenditure of time in an average Social Security disability case." The court rejects the defendant's invitation to limit the hours "to no more than 40" on the ground that "[d]istrict courts within the Second Circuit have ruled for decades that 20 to 40 hours reflects a reasonable expenditure of time in an average Social Security disability case." The suggested "20-40 hours" benchmark was based on the first set of cases decided under the EAJA. See Perez v. Heckler, No. 82 CIV. 8627, 1984

WL 62847, at *3 (S.D.N.Y. Mar. 1, 1984) (finding excessive hours under the EAJA by comparing them to those claimed in similar cases that were determined in 1982 and 1983). That district courts have ruled certain way for decades, without more, is not sufficient to conclude that the hours requested are excessive. See Bowers v. Hardwick, 478 U.S. 186, 199, 106 S. Ct. 2841, 2848 (1986) (Blackmun, J., dissenting) ("Like Justice Holmes, I believe that '[i]t is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.' Holmes, The Path of the Law, 10 Harv.L.Rev. 457, 469 (1897)).

The defendant asserts that 37.7 hours expended on drafting the plaintiff's motion for judgment on the pleadings is excessive because it is more than many courts have found reasonable for an entire case, and this case involved routine issues that are neither novel nor complex. However, the defendant failed to identify any case(s) in which a particular number of hours expended on preparing the plaintiff's motion were found excessive. Although the defendant asserts now that this case was neither novel nor complex and involves only routine issues that "an experienced Social Security disability practitioner" could be expected to address efficiently in less hours than expended by Baker, the defendant represented to the Court, in the August 3, 2018 letter seeking "to file a brief that is up to thirty pages long, rather than being limited to twenty-five pages as set forth in the Standing Order for Social Security cases," that "[t]he reason for this request is the administrative record in this case is over 900 pages long, and discussion of the relevant medical evidence in this case requires an increase in the page limit for the brief." Docket Entry No. 12. Thus, the defendant's attorney, who is presumably also "an experienced Social Security disability practitioner," conceded that the record in this case was

7

unusually voluminous and the issues involved required "an increase in the page limit for the brief" and, consequently, an increase in time required to prepare the brief.  Moreover, since Baker did not represent the plaintiff at the administrative level and appeared in this case after the complaint was filed, the time required to review and familiarize himself with the case was reasonably longer than if he were representing the plaintiff from the time she filed her disability application.  Baker explained in his affidavit why this case required more than 40-50 hours, the time he spends typically on preparing the initial and reply briefs, articulating a significant number of legal issues he had to consider.  Upon review of the record in this case and the plaintiff's submissions, the Court finds that 68.3 is a reasonable number of hours for Baker to have expended on this case, consisting of: (i) 59.8 hours expended on the merits of this case; (ii) 3.9 expended on the fee application; and (iii) 4.6 expended on the reply.  Thus, an award of attorney's fees under the EAJA is warranted based on 68.3, reasonable hours, at $205, a reasonable hourly rate, for a total of $14,001.50.

## CONCLUSION

For the foregoing reasons, the plaintiff's application for attorney's fees and expenses pursuant to the EAJA, Docket Entry No. 33, is granted, and the plaintiff is awarded $14,001.50 in attorney's fees and expenses.

Dated: New York, New York
      March 19, 2020                                       SO ORDERED:

                                                            KEVIN NATHANIEL FOX
                                                            UNITED STATES MAGISTRATE JUDGE